UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| PABLO CANO-ALVAREZ | CIVIL ACTION NO. 2:26-CV-00273 |
| VERSUS | JUDGE JERRY EDWARDS |
| KRISTI NOEM, ET AL. | MAGISTRATE JUDGE DAVID J. AYO |

### MEMORANDUM ORDER

Before the court is a Motion for Order to Show Cause [Doc. 4] filed Petitioner Pablo Cano-Alvarez, through counsel. Petitioner is an immigration detainee at the Allen Parish Sheriff's Office in Oberlin, Louisiana, seeking release from detention. According to the petition, Petitioner is a native and citizen of Mexico who entered the United States on or about April 22, 2006. He was taken into custody on January 7, 2026, following a traffic stop. [Doc. 1, p. 2]. Petitioner challenges the lawfulness of his immigration detention. He asks the court to order the Government to respond to the petition within three days or, alternatively, no more than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under Sections 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the

Rules Governing § 2254 cases which are applicable to petitions filed under Section 2241. *See Maniar v. Warden Pine Prairie Corr. Ctr.*, 2018 WL 4869383, (W.D. La. 2018)[1]; *See also Taylor v. Gusman*, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (noting a court's discretion under Rule 4 "prevails" over the strict time limits of Section 2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008) (allowing 60 days to respond to a Section 2241 habeas petition); *Hickey v. Adler*, 2008 WL 3835764 (E.D. Cal. 2008) (same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause [Doc. 4] is GRANTEDIN PART and DENIED IN PART.

Because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the petition [Doc. 1] within 21 days of the date of this Order. Petitioner shall have seven days to reply. After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

The Clerk of Court is **INSTRUCTED** that Shannon Smitherman with the U.S. Attorney's Office is to be provided a copy of this Order via email and granted access to the Petition for Writ of Habeas Corpus [Doc. 1] and the docket in this matter.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to Section 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D. W. Va. 1997).

**THUS DONE AND SIGNED** in chambers this 9th day of February, 2026.

_____
David J. Ayo
United States Magistrate Judge